

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| CELSO ESTRADA, JR., | CIV 15-3011 |
| Petitioner, | ORDER DIRECTING FORMER DEFENSE COUNSEL TO RESPOND TO CLAIMS OF INEFFECTIVE ASSISTANCE AND GRANTING EXTENSION OF TIME TO ANSWER |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

The United States moves for an order directing former defense counsel to respond to claims of ineffective assistance set forth in Petitioner's motion under 28 U.S.C. § 2255. The United States also moves for an extension of time to answer.

The Eighth Circuit Court of Appeals has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's competence and raises the issue of ineffectiveness or incompetence of counsel. *See Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974). ABA Model Rule of Professional Conduct 1.6 also recognizes that a disclosure may be impliedly authorized under certain circumstances, including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client.

The American Bar Association, however, has issued an opinion advising that former counsel confronted with a client making ineffective assistance of

counsel claims, consistent with their ethical obligations (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the former client; and (2) may only disclose such information in "court-supervised testimony." ABA Comm. on Eth. and Prof'l Responsibility, Formal Op. 10-456 (July 14, 2010).

In consideration of the allegations set forth in Petitioner's motion under 28 U.S.C. § 2255, this court has determined that the United States cannot respond to the allegations of ineffective assistance of counsel without attorney Jana Miner responding by affidavit to the specific allegations in the motion concerning her representation of the Petitioner. If Petitioner opposes the waiver of the attorney-client privilege as it relates to the specific allegations in his motion under 28 U.S.C. § 2255, those allegations will be stricken from his motion under 28 U.S.C. § 2255. Accordingly,

IT IS ORDERED:

1.  The United States' motion directing former defense counsel to respond is granted as follows:

    A.  The clerk will send this order and the attached Attorney-Client Privilege Waiver forms to the Petitioner;

    B.  If the Attorney-Client Privilege Waiver form is not signed and returned to the clerk for filing within 21 days, the allegations of ineffective assistance of counsel will be stricken from Petitioner's motion under 28 U.S.C. § 2255;

    C.  If the Attorney-Client Privilege Waiver form is signed and filed, the United States will forward a copy of the signed Attorney-Client Privilege Waiver form to Jana Miner, along with a copy of this order and Petitioner's § 2255 motion.

Attorney Miner will, within 14 days of receiving the Attorney-Client Privilege Waiver form, provide and file with the clerk an affidavit responding to the specific allegations in the § 2255 motion concerning her representation of the Petitioner.

D.    The United States will promptly thereafter serve a copy of Jana Miner's affidavit upon Petitioner.

2.    The United States' Motion for Extension is granted, and the United States will file its response no later than 30 days after the affidavit has been received.

Dated _____January 7, 2016_____.

                              BY THE COURT:


                              _____
                              ROBERTO A. LANGE
                              U.S. DISTRICT JUDGE